FILED

IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOV -1 PM 12: 22

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| Jason A. Gaza<br>    Plaintiff | )<br>)<br>) |
| vs. | ) CIVIL ACTION<br>) FILE NO. 8:11 cv 2484 T 27 AEP |
| Allied International Credit Corporation<br>    Defendant | )<br>) |

## COMPLAINT

Plaintiff, Jason A. Gaza, brings this action against Defendant, Allied International Credit Corporation (hereinafter "AIC") on the grounds and the amounts set forth herein.

## I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of consumer debts. Plaintiff, an individual, institutes this action for actual damages, statutory damages against defendant, and the costs of this action Jointly and Severally against the defendant for multiple violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 et seq., the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. § 227 et seq. and Florida Consumer Collection Practices Act (hereinafter "FCCPA") Florida Statute 559.

## II. PARTIES

1. Plaintiff is a natural person, residing in Spring Hill, Pasco County, Florida.

1

2. Defendant AIC is a Delaware Foreign Profit Corporation engaged in the business of collecting debts in the state of Florida, with its principal place of business located at, 2222-2228 West Northern Avenue Suite B202, Phoenix, Arizona 85021.

3. Defendant AIC may be served upon its registered agent Lexis Nexis Document Solutions Inc. 1201 Hays Street, Tallahassee, Florida 32301.

4. Defendant AIC is engaged in the collection of debts from consumers using the mail and telephone.

5. Defendant AIC regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant AIC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692 A(6).

7. The alleged debt the Defendants were attempting to collect upon was incurred for the personal, family, or household use of the Plaintiff.

## III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. § 1692k (d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

9. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE FDCPA

10. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692 a(3).

12. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692 a(5).

13. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692 a(6).

14. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692 d.

15. Under the FDCPA a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

16. Under the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g

17. Under the FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection 15 U.S.C. § 1692g (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original

creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g

18. Under the FDCPA, it is violation when failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. 15 U.S.C. § 1692e

19. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C § 1692k.

## V. STATUTORY STRUCTURE TCPA

20. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") amended the Federal Communications Act, 47 U.S.C. § 151, et seq. ("FCA"), to address the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages received by cell phones, and the use of fax machines to send unsolicited advertisements.

21. Under the TCPA, "automatic telephone dialing system" means equipment which has the capacity—

    (A) to store or produce telephone numbers to be

called, using a random or sequential number generator; and

(B) to dial such numbers.

47 U.S.C. § 227 (a)(1)

22. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

23. Under the TCPA, a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227 (b)(3).

## VI. STATUTORY STRUCTURE FCCPA

24. The FCCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices against consumers. Florida Statute 559

25. The Defendant is subject to the FCCPA.

26. The Defendant is a debt collector as defined by the FCCPA. Florida Statue 559.55(6)

27. The Plaintiff is a consumer as defined by the FCCPA. Florida Statute 559.55(2)

28. Under the FCCPA, a debt collector may not willfully engage in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Florida Statute 559.72(7)

29. Under the FCCPA, a violation of the FDCPA is a violation of the FCCPA. Florida Statute 559.552

30. Anyone who violates the FCCPA is subject to actual damages, punitive damages, statutory damages of up to $1,000, and the costs and attorney's fees for the action. FCCPA 559.77(2)

## VII. FACTUAL ALLEGATIONS

31. At some point before October 24, 2010 the plaintiff started receiving phone calls to his home phone number from AIC.

32. On October 25, 2010 on a recorded phone call made from the plaintiff's cell phone, the plaintiff spoke to a representative at AIC.

33. On the October 25, 2010 phone call, the plaintiff informed the agent that he had not received a letter from AIC and that this was his first communication and that the plaintiff would like to validate the debt.

34. On the October 25, 2010 phone call, the agent did not inform the plaintiff that they were a debt collector and that the communication was an attempt to collect a debt.

35. The agent told the plaintiff that his company would send out another letter to the plaintiff's address.

36. At no time during the October 25, 2010 call or any phone call to the original creditor did the Plaintiff give his cell phone number to the original creditor or the Defendant.

37. Plaintiff's cell phone number was allegedly captured on Defendant's caller ID on the October 25, 2010 phone call.

38. During subsequent recorded calls to Suncoast Schools Federal Credit Union, the original creditor confirmed that the only contact number they had for the Plaintiff was the home number.

39. On November 4, 2010 the Plaintiff started receiving pre-recorded messages and live voicemails made from an automatic dialer system to his cell phone.

40. Following the November 4, 2010 call, phone calls were received on the Plaintiff's cell phone on: November 8, 2010; November 15, 2010; November 22, 2010; November 29, 2010; December 22, 2010; December 23, 2010 (twice); December 30, 2011; January 4, 2011; and February 21, 2011.

41. On December 7, 2010 the plaintiff made another recorded phone call to AIC in response to the messages being received.

42. On December 7, 2010 the plaintiff explained that he once again had never received any letters and would like to validate and dispute the debt.

43. On December 7, 2010 the agent told the plaintiff that the balance on the account that they were collecting on was $3981.26, which was $1281.79 more than the original creditor is alleging was due at the alleged chargeoff.

44. On the December 7, 2010 phone call, when questioned about the disparity between the amounts, the agent informed the plaintiff that it was "penalties, interest rates and things" that Suncoast Schools Federal Credit Union added on.

45. Suncoast Schools Federal Credit Union states that AIC added the fees.

46. After finally receiving an initial letter from AIC with a statement informing the plaintiff of his rights under the FDCPA, the Plaintiff sent a letter saying that he "disputed and requested validation of the debt".

47. The letter sent to AIC disputing and requesting validation of debt was received by AIC on January 10, 2011 via United States Postal Services Certified mail #7010 1870 0000 6313 1394.

48. The plaintiff never received validation of the debt from AIC in response to his letter.

49. On February 21, 2011 AIC called the Plaintiff.

50. On July 6, 2011 after the Plaintiff sent a draft complaint to the Defendant in an attempt to settle the matters, Tom J. McCausland of Allied Global

       Holdings Inc. and AIC stated in an email "Your cellular phone number was either provided to us through our client or through your inbound calls to our office, which then are deemed as public information. AIC conducted no scrubs to find this number and can prove this fact."

51. On July 6, 2011 Tom J. McCausland stated in an email "What we would like to know is whether you are willing to work with us in an attempt to make restitution on this debt? We are still prepared to work with you to rectify this obligation to Suncoast. Could you please let us know how we can assist in this area."

52. On July 6, 2011 Tom J. McCausland stated in an email "As always, AIC make every attempt to work with our clients customers to assist them in rectifying delinquent accounts and we stand firmly behind this commitment. If you would like any further clarity on this account or wish to discuss arrangements for making payments against this account, please feel free to contact me at your earliest convenience."

53. None of the emails from Tom J. McCausland contained the required FDCPA language of "This communication is from a debt collector".

## VIII. FDCPA VIOLATIONS

54. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants violation of the FDCPA include, but are not limited to the following:

55. The actions of the Defendant, individually and collectively, violated the FDCPA.

56. By the Defendant representing that the original creditor Suncoast Schools Federal Credit Union added the fees when Suncoast Schools Federal Credit Union states AIC added the fees, AIC made a false and misleading representation violating the FDCPA. 15 U.S.C. § 1692e

57. By the Defendant and not the original creditor allegedly unlawfully adding collection fees, interest and penalties to the balance of the alleged loan, the Defendant violated the FDCPA by misrepresenting the amount of the debt. 15 U.S.C. § 1692e

58. By the Defendant not stating that they were a debt collector on every subsequent communication, they violated the FDCPA. 15 U.S.C. § 1692e

59. By the Defendant continuing to collect on February 21, 2010 after not responding to the Plaintiff's request for validation, the Defendant violated the FDCPA. 15 U.S.C. § 1692g

60. By the Defendant making the statement that the Plaintiff's cell phone was "public record" after it was captured on caller ID, the Defendant violated the FDCPA by making a false statement contrary to the TCPA and associated FCC rulings. 15 U.S.C. § 1692e

## IX. TCPA VIOLATIONS

61. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violation of the TCPA include, but are not limited to the following:

62. The actions of the Defendant, individually and collectively, violated the TCPA.

63. By the Defendant calling the Plaintiff's cell phone at least eleven (11) times with an automatic telephone dialing system or with pre-recorded messages without express consent, the Defendant violated the TCPA. 27 U.S.C. § 227

64. By a representative of Defendant admitting to receiving the Plaintiff's cell phone number from Suncoast Schools Federal Credit Union or incoming caller ID when it is impossible Suncoast Schools Federal Credit Union had the Plaintiff's cell phone number, the Defendant acted willfully to violate the TCPA by capturing incoming caller ID to make automated phone calls to the Plaintiff without his express consent. 27 U.S.C. § 227

## X. FCCPA VIOLATIONS

65. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FCCPA include, but are not limited to the following:

66. The actions of the Defendant, individually and collectively, violated the FCCPA.

67. By the Defendant calling with frequency in one day and in general to be reasonably considered excessive and by the Defendant calling for no reason and not lawfully, the Defendant violated the FCCPA. Florida Statute 559.72(7)

68.  By violating the FDCPA by false or misleading representations, the Plaintiff violated Florida Statute 559.552 because any violation of the FDCPA is a violation of the FCCPA. Florida Statute 559

WHEREFOR, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Actual damages, pursuant to FDCPA, 15 U.S.C. §1692k.;

(2) Statutory damages of $1000, pursuant to FDCPA, 15 U.S.C. §1692k.;

(3) Reasonable attorney's and court fees and costs, pursuant to FDCPA

(4) Statutory damages of $500 each phone call, totaling $5500 pursuant to TCPA 47 U.S.C. § 227(b)(3). or treble damages of $16,500 pursuant to TCPA 47 U.S.C. § 227(b)(3).

(5) Statutory damages of $1000 pursuant to Florida Statute 559.

(6) Injunctive relief.

(7) Such other and further relief that the Court deems just and proper.

*[signature]*

Jason A. Gaza (Pro Se)
11628 Pilot Country Dr.
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com